**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SIR FABIAN FREEMAN.** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TOUCH THEM ALL INC., d/b/a FIRST CHECK APPLICANT SCREENING,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: ________________<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

**PLAINTIFF'S ORIGINAL COMPLAINT-CLASS ACTION**

**COMES NOW** Plaintiff, Sir Fabian Freeman, ("**Plaintiff**") on behalf of himself and all those similarly situated and brings the following action against Defendant, Touch Them All Inc., d/b/a First Check Applicant Screening, ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

**PRELIMINARY STATEMENTS**

1. Defendant produces background screening reports to third-party entities for employment purposes.

2. Defendant produces background screening reports to third-party entities for employment purposes for a fee.

3. The information produced in reports by Defendant to third parties for employment purposes constitute "Consumer Reports" as that term is defined in the FCRA.

4. Defendant is a "Consumer Reporting Agency" as that term is defined in the FCRA).

5. Defendant provided Consumer Reports concerning Plaintiff and Putative Class members to third party entities.

6. The Consumer Reports produced by Defendant concerning Plaintiff and other

Putative Class members contained medical information.

7. The Consumer Reports provided by Defendant contained Plaintiff's and other Putative Class members' personal health information.

8. Defendant did not have express written consent from Plaintiff and other Putative Class members to release medical or personal health information to third party entities.

9. Plaintiff brings this action on behalf of himself, and all similarly situated consumers, for violations of the FCRA.

10. Plaintiff, on behalf of himself, and all other Putative Class members, seeks statutory damages, punitive damages, costs and attorneys' fees, as set forth in 15 U.S.C. § 1681n(a) and all other available relief as allowed by law.

**PARTIES**

11. Plaintiff is a resident of Grand Prairie, Texas.

12. Defendant, Touch Them All Inc., d/b/a First Check Applicant Screening is a Consumer Reporting Agency doing business as a domestic corporation in the state of Texas. Defendant's principal place of business is located at PO Box 92033, Southlake, Texas, 76092, United States. Defendant's registered agent J B Manning can be served at 1500 Corporate Circle, Suite 16, Southlake, Texas, 76092.

**JURISDICTION AND VENUE**

13. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

14. Venue is proper in this Court pursuant to § 28 U.S.C. § 1391. Defendant's principal place of business is in this District, Plaintiff applied for work in this District, Plaintiff's Consumer Report was requested in this District, and his claims arise all or in substantial part in this District.

Defendant regularly conducts business in Texas and is subject to personal jurisdiction in this District.

## LEGAL AUTHORITY

15. Section 1681b(g) of the FCRA dictates the limited times a consumer reporting agency may report medical information within a Consumer Report as follows:

> (1) Limitation on consumer reporting agencies
>
> A consumer reporting agency shall not furnish for employment purposes, or in connection with a credit or insurance transaction, a consumer report that contains medical information (other than medical contact information treated in the manner required under section 1681c(a)(6) of this title) about a consumer, unless—
>
> > (B)if furnished for employment purposes or in connection with a credit transaction—
> >
> > > (i)the information to be furnished is relevant to process or effect the employment or credit transaction; and
> > >
> > > (ii)the consumer provides specific written consent for the furnishing of the report that describes in clear and conspicuous language the use for which the information will be furnished

16. The purpose of 1681b(g) is to ensure that consumer reports are used only for legitimate purposes and to protect consumers' privacy rights. The section allows consumer reporting agencies to furnish consumer reports containing medical information only when the information is directly relevant to the employment sought by the consumer and that consumer has provided specific written consent.

## FACTUAL ALLEGATIONS

17. Plaintiff applied for employment with the City of Bedford for a position in the City's human resource department in or about October of 2023.

18. Bedford requested a Consumer Report on Plaintiff for employment purposes from Defendant.

19. Defendant provided the City of Bedford with a Consumer Reports concerning Plaintiff.

20. Defendant provided the City of Bedford with Plaintiff's Consumer Report.

21. Defendant charged the City of Bedford a fee for the report.

22. The manner in which Defendant provided the Consumer Report to the City of Bedford is consistent with Defendant's policies and practices.

23. Defendant's Consumer Report provided to the City of Bedford included a driving record section that contained information on the health of Plaintiff's eyes.

24. Defendant was only authorized to provide the City of Bedford with public record information.

25. Defendant regularly produces Consumer Reports to employers that include a driving record section.

26. Defendant regularly produces Consumer Reports to employers that include a driving record section that contains information on the health of the eyes of the subjects of the Consumer Reports.

27. Plaintiff's and the Putative Class's Consumer Reports produced by Defendant included information on the health of their eyes in the driving record sections.

28. Information regarding the health of Plaintiff and other Putative Class members' eyes constitutes the inclusion of medical information.

29. Information regarding the health of Plaintiff and other Putative Class members' eyes constitutes information that is not a public record.

30. Vision exams are a form of health evaluation used to diagnose physical impairments in an individual's eyes.

31. The inclusion of the results of a form of a health evaluation in the Consumer Report constitutes the inclusion of medical information.

32. Defendant's report provided to the City of Bedford on Plaintiff included medical information.

33. Defendant's inclusion of medical information in Plaintiff and other Putative Class members' Consumer Reports was an improper disclosure of protected information.

34. Defendant's report provided to Bedford on Plaintiff included personal health information.

35. Plaintiff did not provide express written consent to obtain his medical information to the City of Beford.

36. On information and belief, other Putative Class members did not provide express written consent prior to the dissemination of medical information by Defendant.

37. Defendant provided third party entities with Plaintiff and other Putative Class members' medical information without first ensuring that express written consent had been provided.

38. Plaintiff and other Putative Class members suffered an invasion of privacy when Defendant provided third party entities with medical information without express written consent.

39. Defendant's Consumer Reports violate 15 U.S.C. §1681b(g).

40. Defendant's Consumer Reports contained information that relates to the medical condition of Plaintiff and other Putative Class members.

41. Defendant's Consumer Reports contained information regarding the eye health of Plaintiff and other Putative Class members.

42. Inclusion of information regarding corrective lenses is the inclusion of a medical

diagnosis within the Consumer Reports.

43. The medical information included in Plaintiff and other Putative Class members' Consumer Reports was not directly related to the jobs for which they were applying.

44. The information relating to Plaintiff's eye health relates to Plaintiff's physical condition.

45. The FCRA strictly restricts the use of medical information for employment purposes.

46. The FCRA restricts when medical information can be provided to employers.

47. Plaintiff and the Putative Class did not provide authorization for Defendant to provide medical information.

48. Defendant provided medical information to the City of Bedford and other prospective employers without Plaintiff's and other Putative Class members' express written authorization.

49. Defendant's Consumer Reports have exposed Plaintiff's and other Putative Class members' medical history to third parties.

50. A written agreement addressing the production of Consumer Reports exists between Defendant and the third parties that request Consumer Reports.

51. The written agreement between the City of Bedford and Defendant required Defendant to produce Consumer Reports that complied with the FCRA.

52. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that Defendant's violations were committed negligently and in reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

53. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

54. Plaintiff asserts the following class:

**15 U.S.C. §1681b(g) Class:** All individuals who were the subject of one or more Consumer Reports issued by Defendant and produced for an employment purpose that included medical information or personal health information in their driving record sections for non-driving positions without express written consent for the period of the previous two years prior to the date of filing, through the date of class certification.

### Numerosity

55. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces Consumer Reports on individuals to third parties for employment purposes. Defendant fails to comply with the medical information mandates of the FCRA. Plaintiff believes that several thousand individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact and Predominance

56. Virtually all the issues of law and fact in this class action are common, and they predominate over any questions affecting only individual class members. Among the questions of law and fact common to the class are:

a. Whether Defendant supplied Consumer Reports that contained medical information in their driving record sections in violation of 1681b(g);

b. Whether Defendant provided the reports for employment purposes;

c. Whether Defendant had express written consent to include medical information in the Consumer Reports produced;

d. Whether Defendant's violations of the FCRA were negligent and/or in reckless disregard of the FCRA; and

e. The proper measure of damages.

**Typicality**

57. Plaintiff's claims are typical of the members of the proposed class. Defendant is a Consumer Reporting Agency that produces Consumer Reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

58. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interests that conflict with or are antagonistic to the interests of the class members. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and the members of the class.

**Superiority**

59. A class action is superior to any other available method for the fair and efficient adjudication this controversy, in part because common questions of law and fact overwhelmingly predominate over individual questions that may arise.

60. Class certification is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and procedures, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual

claims is small compared to the expense and burden of individual prosecution. Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

61. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

**Count I**
**15 U.S.C § 1681b(g) Violations**

62. Plaintiff incorporates the foregoing paragraphs 1-60 as if fully set forth herein.

63. The Consumer Reports produced by Defendant contained information that was medical information.

64. The Consumer Reports produced by Defendant contained information that was personal health information.

65. Plaintiff's and the Putative Class's Consumer Reports contained information regarding their eye health.

66. Defendant's Consumer Reports exceeded the scope of Plaintiff's and the Putative Class's authorizations.

67. Defendant did not have specific written consent to include medical information in Plaintiff's and other Class members' Consumer Reports.

68. Plaintiff's and the Class's Consumer Report were produced for employment purposes.

69. Defendant's actions were negligent and/or reckless.

70. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant produced reports concerning Plaintiff and the Class that included medical information;

c. Defendant committed multiple violations of the FCRA by producing Consumer Reports that included multiple pieces of restricted information; and

d. Defendant failed to obtain express written consent to obtain medical records.

71. Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

72. Plaintiff and the Class are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

73. Plaintiff and the Class are further entitled to recover costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** Plaintiff and the Class respectfully request that this Court issue an Order for the following:

a. Holding that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Class;

c. Directing proper notice to be mailed to the Class at Defendant's expense;

d. Finding that Defendant committed multiple, separate violations of the FCRA for each Class Member;

e. Finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff and Class Members' rights and its obligations under the FCRA;

f. Awarding statutory damages and punitive damages as provided by the FCRA;

g. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Respectfully submitted,

/s/ Roger Mandel
Roger L. Mandel
Texas Bar No. 12891750
Law Offices of Roger L. Mandel
3416 Pelham Rd.
Fort Worth, TX 76116
Phone: 214-762-1036
rogerlmandel@gmail.com

Jayson A. Watkins*
jwatkins@sirillp.com
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Telephone: 212.532.1091
**Pro Hac Vice* Forthcoming

ATTORNEYS FOR PLAINTIFF
AND THE CLASS